57 CCPA
**Application of Edward E. THOMPSON.**
**Patent Appeal No. 8265.**

United States Court of Customs and Patent Appeals.
March 19, 1970.

---

William E. Cleaver, Paoli, Pa., attorney of record, for appellant; Rene Arthur Kuypers, Blue Bell, Pa., of counsel.

Joseph Schimmel, Washington, D. C., for the Commissioner of Patents; Lutrelle F. Parker, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN, and LANE, Judges, and FORD, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals, which affirmed the rejection of claims 1, 2 and 8 in appellant's application serial No. 340,155, filed January 27, 1964, for "Electrical Resistor." We affirm the board's decision.

Appellant's invention is an improved thin-film electrical resistor. Such resistors are formed, as disclosed both by appellant and by the prior art, by bonding a film of electrically resistive material, such as carbon, to an electrically insulating substrate material, such as a ceramic rod. A cap of conducting material is fitted to each end of the rod and in contact with the resistive material. A conducting lead is attached to each cap and the entire resistor is encased in resin. An embodiment of appellant's resistor, without the resin casing, is illustrated by Fig. 1 of the application drawings.

**FIG. 1**

[A1374]

The resistive film 13 surrounds a cylindrical substrate 15. The thickness of the film is exaggerated in the drawing, its actual thickness being in the range of 50 to 1500 angstroms. The end caps are identified as 17 and 19, and the connecting leads as 21 and 23.

One of the difficulties with prior art thin film resistors was that of disposing of heat built up in the film by the passage of electrical current through it. This heat was a principal cause of failure of prior art resistors during operation in a circuit. One attempt at solving the problem is disclosed in the Planer et al. reference.[1] Fig. 1 of Planer illustrates the teaching of that reference.

Fig. 1

[A1375]

Planer shows a ceramic rod 10 coated with carbon 12. A helical groove 14 is cut through the coating, so that the resistive path is helical. The turns of carbon coating are seen to be wider in the middle of the rod, thereby providing a larger current path and less heat buildup in the middle of the rod. Planer teaches that the middle of the resistor is the area most prone to get hot, since heat dissipation from that area is less efficient than at the ends, where the heat can dissipate through the metal caps 16.

Appellant's solution to the heat problem takes a different approach. Appellant teaches that the cylindrical substrate, if a proper material is chosen, can be used as an effective heat conductor to carry heat from the resistive film to the end caps, where it is dissipated without damage to the resistor. Appellant also teaches, however, that most ceramics, while they possess the desirable quality of being good electrical insulators, are not good heat conductors. He teaches that beryllium oxide has both desired characteristics; it is a good electrical insulator *and* a good heat conductor. Appellant accordingly uses beryllium oxide as the substrate in his resistor, and thereby provides an internal path for uniformly conducting heat from the resistive film to the end caps. His invention, as defined by illustrative claim 8, is:

8. An electrical resistor component of the type used in logical circuit design such as in computers, television, radio and the like comprising: a beryllium oxide substrate formed into a substantially cylindrically shaped core; electrical resistance material in bonded relationship with said beryllium oxide substrate; electrical conducting cap means connected to said electrical resistance material at opposite ends of said substrate and formed to provide large surfaces in contact with the end surfaces of said substrate to readily conduct heat therefrom; and connecting leads connected to said electrical conducting cap means and formed to be further connected in an electrical circuit.

Appellant's claims were rejected under 35 U.S.C. § 103 as obvious over either

1. U. S. Patent 2,838,639, issued June 10, 1958.

Planer, discussed above, or Tierman,[2] in view of Staller.[3] As far as we can determine, Tierman adds nothing to what is shown in Planer, and we shall not further discuss Tierman. Staller discloses a soldering iron having a beryllium oxide tip, part of which is surrounded by a coiled resistor. Staller teaches that beryllium oxide is selected as the tip material because of its high electrical resistivity and high thermal conductivity. The former quality serves to prevent shorting between the coil and the tip, and the latter quality serves to convey heat to the extremity of the tip, where it is used in soldering.

The board affirmed the rejection on Planer or Tierman in view of Staller, noting that in soldering irons the heat dissipation requirements are the same as in the component-type resistors to which appellant's claims are limited. The board also stated that Staller "makes eminently clear that beryllium oxide makes an excellent insulator for resistor elements and an excellent heat conductor for conducting heat away from the resistor elements."

Appellant requested reconsideration by the board and submitted pages from a 1967 Buyers' Guide, which show, appellant contended, that of some sixty-eight companies offering resistors for sale, not one offered a resistor meeting the limitations of appellant's claims. Appellant contended that if his invention were obvious, someone in this crowded art would have thought of it. The board held to its original decision, pointing out that Staller teaches appellant's result (heat dissipation) and his means of achieving it (beryllium oxide).

Appellant renews his arguments before us, contending that the principles of United States v. Adams, 383 U.S. 39, 86 S.Ct. 708, 15 L.Ed.2d 572 (1966), require a reversal in the present case. The heart of this argument appears to be appellant's view that he has shown that persons skilled in the resistor art were unable to produce a resistor having the advantageous qualities of appellant's invention. We find no such showing in the record before us. We know nothing of the characteristics of the resistors made by the companies listed in the pages of the Buyers' Guide submitted by appellant. For aught that appears in those pages, the competitors' resistors might actually anticipate the claims before us. If, as appellant contends, they do not contain a beryllium oxide substrate, that fact may be explainable by the high cost of beryllium oxide, thus rendering it uneconomical for use in general-purpose resistors. We also find lacking any evidence of prior art teachings running contrary to the concept of the invention, as was present in *Adams*. The present case also lacks any evidence of long-felt need for appellant's invention. While the heat problem and consequent burn-out were difficulties at one time in the prior art, we do not know from the record whether appellant's solution to these problems is in any way more effective than Planer's. There are many other differences between the record before us and that present in *Adams*. Suffice it to say that appellant's reliance upon *Adams* is unsupported by the record appellant has made in the Patent Office.

Appellant also argues that the board's opinion ignored the teachings of the references cited in support of the rejection, particularly Planer. To some extent this is true. The board stated Planer's object and appellant's to be the same—dissipation of heat. Appellant correctly points out that such a general statement of objectives is misleading. Planer's objective, more precisely stated, is to achieve a uniform surface temperature in the resistor, whereas appellant's objective is to provide an efficient internal heat conduction path. While we thus agree with appellant that the problem and solution taught by Planer are different from those taught by appellant, we believe that at most this is only a

2. U. S. Patent 3,167,451, filed August 26, 1959, issued January 26, 1965.

3. U. S. Patent 3,136,878, filed June 23, 1960, issued June 9, 1964.

matter of misplaced emphasis on the part of the board. The Staller patent in fact shows the use of beryllium oxide as a heat conduction path *inside* the resistive element.

Appellant further contends that the examiner and the board, in relying upon the Staller reference, were applying "non-analogous art." He bases this contention on the fact that Staller does not pertain to "resistors" as that term is defined in appellant's specification, i. e. circuit components having a fixed resistance value, and that Staller *wants* heat to use for soldering. Appellant argues that such a reference *"would hardly make it obvious* that the heat would be considered as unuseful, or an unwanted commodity, and should be conducted away from some material in order to protect that material." (Emphasis quoted.) We find that appellant's contention is unsound. While it is true that the resistive element in a soldering iron would not be called a "resistor" in the art, we think that a person of ordinary skill in the art of making resistors would be aware of techniques for making resistive elements and assembling them in heating devices such as soldering irons. It would also be clear to such a person that Staller provides beryllium oxide as a heat-conducting path inside the resistive coil in order to conduct heat away from the coil. We do not believe that Staller's putting the heat to a useful purpose would render unobvious the application of the same principles to a device wherein the heat was not to serve a useful purpose. Appellant's invention as a whole includes the object of removing heat from a resistor, the path of such removal, and the material to provide such a path. All of these things are shown by the references cited, and we think appellant's invention as a whole would have been obvious to one of ordinary skill in the art.

The decision of the board is affirmed.

Affirmed.